# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

RECEIVED

2015 SEP 23 AM 11: 40

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TN, MEMPHIS

**RODNEY HARPER,**

    Plaintiff,

v.

**PEGGY MASTROIANNI, LEGAL COUNSEL**
**U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF LEGAL COUNSEL**
**FREEDOM OF INFORMATION ACT PROGRAMS**
**131 M. STREET N.E., SUITE 5 N.W.02E**
**WASHINGTON, D.C. 20507-0001**

    Defendant.

**STEPHANIE D. GARNER, ASSISTANT LEGAL COUNSEL**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF LEGAL COUNSEL**
**FREEDOM OF INFORMATION ACT PROGRAMS**
**131 M. STREET N.E., SUITE 5 N.W.02E**
**WASHINGTON, D.C. 20507-0001**

    Defendant,

**DISTER D. BATTLE**
**U.S.EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF LEGAL COUNSEL**
**FREEDOM OF INFORMATION ACT PROGRAMS**
**131 M. STREET N.E., SUITE 5 N.W.02E**
**WASHINGTON, D.C. 20507-0001**

    Defendant,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF LEGAL COUNSEL**
**FREEDDOM OF INFORMATION ACT PROGRAMS**
**131 M. STREET N.E., SUITE 5 N.W.02E**
**WASHINGTON, D.C. 20507-0001 et al.**

    Defendant,

Case No.

Jury Trial Demanded

\

**KATHARINE W. KORES, DISTRICT DIRECTOR**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**MEMPHIS DISTRICT OFFICE**
**1407 UNION AVENUE, SUITE 901**
**MEMPHIS, TN 38104**

      **Defendant,**

**JULIENNE SMITH, EEOC INVESTIGATOR**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**MEMPHIS DISTRICT OFFICE**
**1407 UNION AVENUE, SUITE 901**
**MEMPHIS, TN 38104**

      **Defendant,**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**MEMPHIS DISTRICT OFFICE**
**1407 UNION AVENUE, SUITE 901**
**MEMPHIS, TN 38104 et al.**

      **Defendant.**

## COMPLAINT FOR INJUNCIVE RELIEF

Plaintiff, Rodney Harper, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and under the Administrative Procedure Act ("APA"), 5 U.S.C.A. §§ 701 et seq., for declaratory and injunctive and other appropriate relief for violations of the above-mentioned Acts and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendants U.S. Equal Employment Opportunity Commission et al. ("EEOC").

## JURISDICTION, VENUE, AND EXHAUSTION OF REMEDIES

2. This court has both subject matter and personal jurisdiction over this matter pursuant to Section 552(a)(4)(B) of Title 5 of the U.S. Code (5 U.S.C.A. § 552(a)(4)(B)). The court also has jurisdiction over this matter pursuant to Sections 1311 and 1361 of Title 28 of the U.S. Code (28 U.S.C.A. §§ 1311, 1361) because this complaint alleges violations of federal law and seeks to compel defendants to perform duties owed to plaintiff, and members of the public.

2.

3. Venue is proper in this action pursuant to Section 552(a)(4)(B) of Title 5 of the U.S. Code (5 U.S.C.A. § 552(a)(4)(B)) because the plaintiff resides and the agency records are situated in this judicial district. Venue is also proper in this action under Section 1319(e)) because a substantial part of the events giving rise to this proceeding were committed in this judicial district.

4. Plaintiff is deemed to have exhausted all his administrative remedies pursuant to 5 U.S.C.A. § 552(a)(6)(C) because EEOC has failed to respond within the statutorily mandated time limit of twenty working days after receipt of a request. 5 U.S.C.A. § 552(a)(6)(A)(i).

## PARTIES

5. Plaintiff, Rodney Harper, is a member of the public whom resides in or near the City of Memphis, Tennessee, and have an interest in receiving information about his EEOC record, in addition to ensuring open, honest governmental activities.

6. Defendant, U.S. Equal Employment Opportunity Commission et al. is an agency or instrumentality of the United States and its Legal Counsel is believed to be defendant Peggy Mastroninni. Defendants EEOC et al. is an agency of the federal government that has possession, custody and/or control of the records that Rodney Harper seeks. EEOC is headquartered at 131 M. Street N.E., Suite 5N.W.02E., Washington, D.C. 20507.

## BACKGOUND INFORMATION

7. On or about June 19, 2015, plaintiff mailed defendants a Freedom of Information Act appeal notice, exhibits of denial of records and/or files, and Freedom of Information Act request / request for waiver of fees. **See: Exhibit A.**

8. On or about June 25, 2015, defendants mailed plaintiff a form letter that U. S. Equal Employment Opportunity Commission, Legal Counsel FOIA Programs was in receipt of plaintiff's appeal in pursuant to 5 U.S.C.A. § 552(b)(5) / in the alternate request for waiver of fees. **See: Exhibit B.**

9. Plaintiff filed an administrative appeal on the above date. Pursuant to Section 552(a)(6)(A)(ii) of Title 5 of the U. S. Code (5 U.S.C.A. § 552(a)(6)(A)(ii)), defendants had 20 working days after the receipt of the appeal to respond, but failed to do so.

10. By form letter to plaintiff dated June 25, 2015, the EEOC acknowledged receipt of plaintiff's FOIA request.

11. To date, the EEOC has not provided the records requested by plaintiff in its FOIA request, and/or the request for waiver of fees notwithstanding the FOIA's requirement of an agency response within twenty (20) working days.

12. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the EEOC.

13. The EEOC has wrongfully withheld the requested records and/or the request for waiver of fees from plaintiff.

### FIRST CLAIM Failure to Disclose Public Records under the Freedom of Information Act
### (Violation of FOIA for failure to make records available)

14. Paragraphs 1 through 13 of this complaint are fully incorporated into this paragraph.

15. Plaintiff properly requested a complete, unredacted copy of the plaintiff's EEOC records.

16. EEOC is an agency subject to FOIA, 5 U.S.C.A. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records as to which it is claiming an exemption.

17. EEOC's failure timely to disclose the records requested by plaintiff in requests violates FOIA, 5 U.S.C.A. § 552(a)(3)(A).

18. Defendant improperly withheld a complete, unredacted copy of the plaintiff's records on the grounds that it might or did contain inter-agency or intra-agency memorandums or letters which are exempted under FOIA exemption 5. The defendants have the burden of proof to establish that disclosure of EEOC documents is exempted.

19. Plaintiff exhausted all administrative remedies by filing an administrative appeal. Defendants did not respond to the appeal within the time allotted by law.

20. Plaintiff was harmed as a result of defendants' violation of FOIA because plaintiff has been denied the rights and protections provided under that law.

### SECOND CLAIM Failure to Comply with Administrative Procedure Act
### (Violation of FOIA for failure to conduct a reasonable search)

21. Paragraphs 14 through 20 are fully incorporated into this paragraph.

22. EEOC is an agency subject to FIOA, 5 U.S.C.A. § 552(f), and therefore had an obligation to conduct a search reasonably calculated to uncover all records responsive to the requests.

4.

23. EEOC inconsistent explanations of which records it has purportedly searched, its failure to release any records to requests of the plaintiff's EEOC full records, and its claim to have located only selectivity documents of the plaintiff's records. When the full records are in the possession, custody, control, and authority of the EEOC at its investigation unit of it field office not at an outside agency. The EEOC has manifestly failed to satisfy its obligations to diligently search for responsive records under FIOA, 5 U.S.C.A. § 552(a)(3) that are right at its own door steps.

24. EEOC is an agency subject to 29 C.F.R. 1610.14 § Waiver of user charges that are exempted by statute, and/or regulations.

25. Defendants is required to comply with FOIA and have an obligation to release public records on request under Section 552 of Title 5 of the U.S Code (5 U.S.C.A. § 552).

26. Defendants' refusal to release the requested document was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, and the refusal was not supported by evidence under Section 706 of Title 5 of the U.S Code (5 U.S.C.A. § 706).

27. Plaintiff was harmed as a result of defendants' violation of FOIA and the APA because plaintiff has been denied the benefits and protections provided by compliance with those laws.

### Plaintiff Demand Right to a Jury Trial

28. Paragraphs 22 through 27 are fully incorporated into this paragraph.

29. In pursuant to Federal Rules of Civil Procedure, Rule 38, Right to a Jury Trial; Demand.

   (a) Right Preserved. The right of trial by jury as declared by the **Seventh Amendment** to the **Constitution-**or as provided by a federal statute-is preserved to the parties inviolate.
   (b) Demand. On any issue triable of right by a jury, a part may demand a jury trial by:

30. The content that he shall further, per Federal Rule of Civil Procedure, Rule 38, a jury demand by expressly making proper served and filed paper before it may be effectual.

### REQUEST FOR RELIEF

**WHEREFORE, plaintiff prays that the Honorable Court:**

   A. Order defendants to disclose the requested records in their entireties and make copies available to plaintiff, within twenty (20) business days of the **Honorable Court's** order;

5.

B. Provide for expeditious proceedings in this action;

C. Award plaintiff its costs and other fees incurred in this action as authorized by FOIA; and

D. Grant plaintiff such other and further relief as the **Honorable Court** may deem just and proper.

E. Expedite consideration of this Complaint pursuant to 28 U.S.C.A § 1657;

F. Declare that the EEOC failed to conduct a reasonable and diligent search for the records as required by 5 U.S.C.A. § 552(a)(3), and that the records must be disclosed and fees must be waived;

G. A judgment determining or declaring that defendants' failure to provide plaintiff with the requested documents was unlawful;

H. Injunctive relief requiring defendants to provide plaintiff with the requested documents;

I. All costs incurred by plaintiff in connection with this proceeding as provided by Section 552(a)(4)(E) of Title 5 of the U.S. Code (5 U.S.C.A. § 552(a)(4)(E));

J. Any and all other relief that may be granted pursuant to FOIA or the APA but not explicitly or specifically requested elsewhere in this request for relief.

Respectfully submitted.

Dated: September 23, 2015

x _____Rodney Harper_____

Rodney Harper
P. O. Box 1245
Memphis, TN 38101
901.371.6820