**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **RODNEY HARPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 15-2629-STA-cgc** |
| | ) | |
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION
ORDER TERMINATING PARTIES
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS**

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 5) screening Plaintiff Rodney Harper's Pro Se Complaint. Plaintiff has filed timely objections to the Magistrate Judge's report. For the reasons set forth below, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation.

## BACKGROUND

The Magistrate Judge has set out the following background information in her screening report, which the Court adopts as its findings: on September 23, 2015, Plaintiff Rodney Harper, resident of Memphis, Tennessee, filed a Pro Se Complaint against the U.S. Equal Employment Opportunity Commission, Peggy R. Mastroianni, Stephanie D. Garner, Dister D. Battle, Katherine Kores, and Julienne Smith.[1] Plaintiff's Pro Se Complaint alleges that on or about June

---

[1] Plaintiff filed a contemporaneous motion for leave to proceed *in forma pauperis*, which the Magistrate Judge granted. Plaintiff has not raised any objections to the Magistrate Judge's

19, 2015, he appealed the denial of a records request he submitted pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C.§ 552 *et seq.* (also known as). (Pro Se Compl. ¶ 7.) On June 25, 2015, Plaintiff alleges that he received a letter from the U.S. Equal Employment Opportunity Commission ("EEOC") stating that the office was in receipt of his appeal. (*Id.* ¶ 8). The Pro Se Complaint alleges that Plaintiff has not received the records requested from the EEOC. (*Id.* ¶11). Plaintiff seeks an order requiring Defendants to disclose the requested records, a declaration that the EEOC failed to conduct a reasonable and diligent search for the records, a declaration that Defendants' failure to provide Plaintiff with the documents was unlawful, and an award of unspecified fees and costs to Plaintiff.

The Magistrate Judge concludes in her screening order that the Pro Se Complaint states a plausible claim against the EEOC and that the Court should order the issuance of process and service on the EEOC. The Magistrate Judge recommends that the Court dismiss Plaintiff's claims against the individual Defendants *sua sponte* because FOIA applies only to agencies and not the employees of the agencies in their individual capacities. The Magistrate Judge noted that Plaintiff had been counseled in a separate civil case in this District, *Harper v. Holder et al.*, no. 2:14-cv-02887-JTF-cgc, that FOIA does not provide relief against a defendant in his or her individual capacity. Therefore, the Court should dismiss Plaintiffs' claims against the other Defendants in their individual capacities.

Plaintiff was granted an extension of time in which to file objections to the Magistrate Judge's report and recommendation, and Plaintiff filed his objections by the deadline set by the Court. Plaintiff objects only to the Magistrate Judge's recommendation that the Court dismiss

order on his IFP motion.

his claims against the individual Defendants. Plaintiff argues that he should be granted the opportunity to amend his pleadings to add a claim under the First Amendment of the Constitution, which permits him to petition the government for the redress of grievances. Plaintiff argues that under EEOC policy, he was entitled to a copy of the responding party's position paper, implying that Plaintiff filed a charge with the EEOC and now seeks as part of his FOIA request a copy of the position paper submitted by the responding party to the EEOC. Plaintiff asserts that Defendant Julienne Smith, an EEOC investigator, "signed off" on the documents to be released to Plaintiff, and Smith's decision was approved by Defendant Katherine Kores. Plaintiff goes on to state that he will add Jenny Yang, the chairwoman of the EEOC, as a Defendant in his proposed amended complaint. Plaintiff concludes by asserting that these "government employees" are indispensable parties to his action.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation for the dismissal of a civil case.[2] The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[3] After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[4] The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made.[5] Rather the Court may adopt any findings and rulings of

---

[2] 28 U.S.C. § 636(b)(1)(B).

[3] § 636(b)(1)(C).

[4] *Id.*

3

the magistrate judge to which no specific objection is filed.[6]

## ANALYSIS

The Magistrate Judge has recommended that the Court dismiss only Plaintiff's claims against the individual Defendants *sua sponte* for failure to state a claim. The Magistrate Judge relied on the Sixth Circuit's decision in *Dillard v. Department of Treasury*, where the Court of Appeals noted that the district court had dismissed at screening the *pro se* plaintiff's FOIA claims against individual government employees.[7] The Sixth Circuit did not specifically review the district court's dismissal of the individual defendants because the plaintiff did not raise it as an issue on appeal.[8] Nevertheless, the Court finds the reasoning for the dismissal of the individual defendants in *Dillard* to be persuasive. FOIA requires an "agency" to "make available to the public" specific kinds of information.[9] FOIA defines an "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review

---

[5] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[6] *Id.* at 151.

[7] *Dillard v. Dep't of Treasury*, 87 F. App'x 524, 525 (6th Cir. 2004) ("The [district] court also dismissed the complaint against defendant Johnson because defendant Johnson is a private party and not a federal agency. *See* 5 U.S.C. § 551(1). The court further dismissed Dillard's claims against the individual Department of Treasury, BATF employees because those employees are individuals, and because Dillard failed to show that any of those defendants are the custodian of the requested documents and have the final authority for the Department of Treasury, BATF.").

[8] *Id.* at 526 ("Therefore, the district court's order dismissing the state and local government offices and employees, defendant Johnson, the individual Department of Treasury, BATF employees, or the state law claim under the Open Records Act will not be reviewed.").

[9] 5 U.S.C. § 552(a)(1) ("Each agency shall make available to the public information as follows . . . .").

by another agency," subject to limited exceptions.[10] An individual employee of an "agency" is not the "agency" itself. This conclusion finds additional support in another Sixth Circuit decision as well in case law from other Circuits.[11]

In his objections, Plaintiff has not actually presented any legal authority to show why the Magistrate Judge's legal conclusion about his FOIA claims against the individual Defendants was incorrect. Instead, Plaintiff requests leave to amend his Pro Se Complaint to add a claim against Jenny Lang, the chairwoman of the EEOC. As Plaintiff correctly notes, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."[12] A pleading may be amended only "with the opposing party's written consent or by the court's leave."[13] Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires."[14] The Sixth

---

[10] § 551(1).

[11] *Comer v. I.R.S.*, 831 F.2d 294, at *1 (6th Cir. 1987) ("The individual defendants-appellees were dismissed because the Freedom of Information Act and the Privacy Act authorize suits against agencies not individuals."); *see also Batton v. Evers,* 598 F.3d 169, 173 n.1 (5th Cir. 2010) ("A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency."); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("First, the district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA."); *Thompson v. Walbran,* 990 F.2d 403, 405 (8th Cir. 1993); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (collecting cases); *Cullinane v. Arnold*, No. SA CV 97-779GLT(EEX), 1998 WL 241510, at *2 (C.D. Cal. Mar. 30, 1998) ("The head of an agency or other agency officials sued in their official capacities are not proper party defendants under FOIA. The only proper party defendant to Plaintiff's FOIA action is the Internal Revenue Service."); *Sherwood Van Lines, Inc. v. U.S. Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990) ("[U]nder the plain language of the statute FOIA authorizes suit against federal agencies and does not create a cause of action against individual employees of the federal agency.").

[12] *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)

[13] Fed. R. Civ. P. 15(a)(2).

Circuit has held that a motion to amend should be denied where the motion is "brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."[15]  A proposed amended pleading is futile if the amended pleading would not withstand a motion to dismiss pursuant to Rule 12(b)(6).[16]  The Court holds that Plaintiff's proposed amendment to add the chair of the EEOC as a Defendant to this action would be futile.  For the reasons already explained, Plaintiff cannot state a plausible claim for relief against an individual employee of a federal agency.  Therefore, Plaintiff's request to amend is denied as to this issue.

Plaintiff also seeks leave to amend his pleadings to add a claim under the Petition Clause of the First Amendment.  The Petition Clause of the First Amendment guarantees the right "to petition the Government for a redress of grievances."[17]  Although the nature of Plaintiff's proposed First Amendment claim is not altogether clear, the gravamen of the claim appears to be that Plaintiff petitioned the EEOC for certain documents and the EEOC's failure to satisfy Plaintiff's request has abridged his First Amendment right to petition.  The Court holds that such a claim would be futile.  The Sixth Circuit has concluded that "neither in the First Amendment nor elsewhere in the Constitution is there a provision guaranteeing that all petitions for the redress of grievances will meet with success."[18]  To the extent that Plaintiff's amended pleading

---

[14] *Id.*

[15] *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citation omitted); *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1052–1053 (6th Cir. 2011) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[16] *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (citation omitted).

[17] U.S. CONST. amend. I.

[18] *Confora v. Olds*, 562 F.2d 363, 364 (6th Cir. 1977)).

will allege a violation of his First Amendment rights based on the EEOC's handling of his FOIA request, such a claim would not withstand a motion to dismiss. And nothing in Plaintiff's objections shows why a claim of this nature would lie against any of the individual Defendants named in the Pro Se Complaint. Therefore, the request to amend to add a First Amendment is denied.

Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and Plaintiff's timely objections, the Court hereby **ADOPTS** the Report and Recommendation. Plaintiff's claims against the individual Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Clerk of Court is directed to terminate as parties to this action all Defendants except the U.S. Equal Employment Opportunity Commission. The Clerk is further directed to prepare and issue summons as to the U.S. Equal Employment Opportunity Commission. The United States Marshall is ordered to effect service of process on the U.S. Equal Employment Opportunity Commission.

        **IT IS SO ORDERED.**

                                  **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

                                  Date: November 17, 2015.