IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RODNEY HARPER )
)
    Plaintiff, )
)
VS. ) No. 2:15-cv-2629-STA-cgc
)
)
EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, et al, )
)
    Defendant. )

REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the Motion to Dismiss, or in the alternative, for Summary Judgment filed on February 5, 2016 by Defendant Equal Employment Opportunity Commission (EEOC). (D.E. # 23) Plaintiff filed his response on March 14, 2016 (D.E. # 31) and Defendant filed a reply on March 28, 2016. (D.E. # 32)

On September 23, 2015, Plaintiff filed a Complaint stating that he sent an appeal of a denial of records that he believes he was entitled to pursuant to 5 U.S.C.§ 552 *et seq* (also known as the Freedom of Information Act or FOIA) to EEOC on or about June 19, 2015. (D.E. # 1, ¶ 7) Plaintiff avers that on June 25, 2015 he received a letter from EEOC stating that the office was in receipt of his appeal. (D.E. # 1, ¶ 8). Plaintiff further alleges that he has not received the records requested from the EEOC. (D.E. # 1, ¶11).

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

Plaintiff seeks an order requiring EEOC to disclose the requested records, a declaration that the EEOC failed to conduct a reasonable and diligent search for the records, a declaration that EEOC's failure to provide Plaintiff with the documents was unlawful, and to award unspecified fees and costs to Plaintiff.

## I. Applicable Law and Standard of Review

EEOC brings this motion pursuant to Fed. R. Civ. P. 56. Rule 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). On a motion for summary judgment, the movant has the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the nonmoving party. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*. ., 475 U.S. 574, 585–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir.2011).The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. at 249. A genuine

issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff ." *Id*. at 252.

## II. Proposed Finding of Facts

EEOC filed its statement of material facts at D.E. #23-3. Although Plaintiff filed a response at D.E. #31, he did not file a response to the statement of material facts compliant with either Fed. R. Civ. P. 56(c) or Local Rule 56.1(b). Failure to properly respond to the statement of material facts results in the facts being deemed undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2); L.R. 56.1(d).

Plaintiff filed a FOIA request with EEOC on May 4, 2015, seeking a copy of his investigative charge file no. 490-2013-02733. (D.E. # 23-3, ¶ 1) EEOC acknowledged receipt of Plaintiff's FOIA request on May 11, 2015 and notified Plaintiff that the request was docketed as FOIA request no. 490-2015-0330064. (D.E. # 23-3, ¶ 2) On May 19, 2015, EEOC issued its FOIA determination on FOIA request no 490-2015-0330064 granting in part and denying in part Plaintiff's request. (D.E. # 23-3, ¶ 3) EEOC located Plaintiff's charge file which contained 354 pages. *Id*. The agency released the first 100 pages of responsive documents without charge pursuant to 29 C.F.R.§ 1510.15(a)(3) and assessed a fee of $38.70 associated with copying the remaining 254 pages of responsive documents to Plaintiff. *Id.* Plaintiff was informed that EEOC partially redacted two pages of the released documents pursuant to FOIA exemption (b)(5) and that he could avail himself of certain appeal rights related to the determination. *Id.* Plaintiff has not paid the fee and EEOC has not released the remaining 254 pages of responsive documents to Plaintiff. *Id.*

3

On June 24, 2015, Plaintiff appealed the determination and sought release of the withheld documents. (D.E. # 23-3, ¶ 4) On June 25, 2015, the Office of Legal Counsel FOIA programs acknowledged receipt of Plaintiff's appeal and advised Plaintiff that his appeal was docketed as FOIA appeal no. 820-2015-359563. (D.E. # 23-3, ¶ 5) Upon receipt of the summons and complaint in the instant lawsuit on December 7, 2015, the Assistant Legal Counsel FOIA programs realized that Plaintiff's FOIA appeal had been inadvertently closed without the issuance of a determination and immediately reopened Plaintiff's FOIA appeal no. 820-2015-359563. (D.E. # 23-3, ¶¶ 6, 7) On December 10, 2015, EEOC issued its determination on FOIA appeal no. 820-2015-359563, affirming in part and denying in part Plaintiff's FOIA appeal. (D.E. # 23-3, ¶ 8)

EEOC redacted from the priority charge handling processing (PCHP) assessment form the charge processing category and the specific assignment factors justifying the investigator's recommended category based on the investigator's initial review and evaluation of the charge and intake information. (D.E. # 23-3, ¶ 9) The PCHP form indicates that the investigator's recommendation and the basis for the recommendation were subject to the review of the investigator's supervisor and the Legal Unit. *Id.* EEOC redacted from the recommendation for closure memorandum the investigator's recommended dismissal/closure basis and the investigator's analysis of the evidence in support of that recommendation. (D.E. # 23-3, ¶ 10) The recommendation for closure memorandum indicates that the memorandum was addressed to the District Director and was to be reviewed by an intermediate supervisor. *Id.*

**III. Proposed Conclusions of Law**

EEOC first seeks to have the complaint dismissed, presumably for lack of jurisdiction, as Plaintiff's FOIA request has been satisfied and there no longer remains an ongoing case or controversy. Under Article III, Section 2 of the U.S. Constitution, federal courts have authority to adjudicate only ongoing cases or controversies. Once a dispute has become moot, there is no longer a case or controversy. *Cleveland Nat'l Air Show, Inc. v. U.S. Dep't of Transp.*, 430F.3d 757, 761 (6th Cir. 2005). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed 2d 491 (1969). It is recommended that the matter is moot because EEOC has made available to Plaintiff the documents in investigative charge file no. 490-2013-02733 subject to legally permissible exceptions and to the copying charge provided statute.

The FOIA provides that every federal agency shall promptly make available upon request records reasonably described. 5 U.S.C. § 552(a)(3)(A). "Under the Act, an agency may not withhold or limit the availability of any record, unless one of the FOIA's specific exceptions applies." *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 543 (6th Cir.2001)(citing 5 U.S.C. § 522(d)). These exceptions are to be narrowly construed, and the burden is on the agency to justify its action. *Id.*. An agency's denial of a FOIA request is reviewed by a district court de novo. 5 U.S.C. § 552(a)(4)(B)."[D]istrict courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery." *Rugiero*, 257 F.3d at 544. In an effort to satisfy its burden, the agency ordinarily submits a "Vaughn index" in which "the agency describes the documents responsive to a FOIA request and indicates the reasons for redactions or withholdings

in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from disclosure under the Act." *Id*. Such an affidavit or declaration is entitled to a presumption of good faith; however, evidence of bad faith on the part of the agency can overcome this presumption. *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir.1994). "Unless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence." *Rugiero*, 257 F.3d at 544 "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position." *Id*.

Plaintiff has received the first 100 pages of responsive documents and has only not received the remaining 254 because he has not paid the copying fee. The only information not released is described in the Vaughn Index (D.E. # 23-2, p35). It is recommended that the redacted information is properly withheld pursuant to 5 U.S.C.§ 522(b)(5). The exclusion at 5 U.S.C.§ 522(b)(5) provides that an agency does not have to produce "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The redacted items are:

- the priority charge handling processing (PCHP) assessment form - the charge processing category and the specific assignment factors justifying the investigator's recommended category based on the investigator's initial review and evaluation of the charge and intake information and;

- the recommendation for closure memorandum - the investigator's recommended dismissal/closure basis and the investigator's analysis of the evidence in support of that recommendation.

These items were transmitted from the investigator to either the investigator's supervisor or to the district director for review, clearly inter-agency memoranda as described by the statute. Plaintiff does not assert in his complaint or in his response to the instant motion that EEOC has acted in bad faith. Therefore, EEOC has responded to Plaintiff's FOIA request of May 4, 2015.and there is nothing further that the court could order EEOC to do with regard to that request

### IV. Conclusion

It is therefore recommended that the complaint be dismissed for lack of jurisdiction as there is no longer an active case or controversy. Alternatively, it is recommended that EEOC's Motion for Summary Judgment be granted as there are no genuine issues of material fact and EEOC is entitled to judgment as a matter of law.

Signed this 31st day of May, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**