IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RODNEY HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-2629-STA-cgc |
| ) | |
| U.S. EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION**
**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 37) filed on May 31, 2016. The Magistrate Judge has recommended that the Court grant Defendant U.S. Equal Employment Opportunity Commission ("EEOC")'s Motion for Summary Judgment (ECF No. 23) filed on February 5, 2016. Plaintiff Rodney Harper responded in opposition to Defendant's Motion for Summary Judgment and has filed timely objections to the Magistrate Judge's report. For the reasons set forth below, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation and **GRANTS** Defendant's Motion for Summary Judgment.

**BACKGROUND**

The Court has described the nature of Plaintiff's suit in a previous order. On September 23, 2015, Plaintiff, a resident of Memphis, Tennessee, filed a Pro Se Complaint against the EEOC and several employees of the agency. Plaintiff's Pro Se Complaint alleged that on or about

1

June 19, 2015, he appealed the denial of a records request he submitted pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C.§ 552 *et seq.* (Pro Se Compl. ¶ 7.) Plaintiff seeks an order requiring Defendants to disclose the requested records, a declaration that the EEOC failed to conduct a reasonable and diligent search for the records, a declaration that Defendants' failure to provide Plaintiff with the documents was unlawful, and an award of unspecified fees and costs to Plaintiff.

**I. Findings of Fact**

The Magistrate Judge has recommended that the Court adopt the following undisputed facts for purposes of Defendant's Motion for Summary Judgment. Plaintiff filed a FOIA request with the EEOC on May 4, 2015, seeking a copy of his investigative charge file no. 490-2013-02733. (Def.'s Statement of Undisputed Fact ¶ 1, ECF No. 23-3.) EEOC acknowledged receipt of Plaintiff's FOIA request on May 11, 2015, and notified Plaintiff that the request was docketed as FOIA request no. 490-2015-0330064. (*Id.* ¶ 2) On May 19, 2015, EEOC issued its FOIA determination on FOIA request no 490-2015-0330064, granting in part and denying in part Plaintiff's request. (*Id.* ¶ 3.) EEOC located Plaintiff's charge file, which contained 354 pages and released the first 100 pages of responsive documents without charge pursuant to 29 C.F.R.§ 1510.15(a)(3). (*Id.*) EEOC assessed a fee of $38.70 associated with copying the remaining 254 pages of responsive documents. (*Id.*) Plaintiff was informed that EEOC partially redacted two pages of the released documents pursuant to FOIA exemption (b)(5) and that he could avail himself of certain appeal rights related to the determination. (*Id.*) Plaintiff has not paid the fee, and EEOC has not released the remaining 254 pages of responsive documents to Plaintiff. (*Id.*)

On June 24, 2015, Plaintiff appealed the determination and sought release of the withheld documents. (*Id.* ¶ 4.) On June 25, 2015, the Office of Legal Counsel FOIA programs acknowledged receipt of Plaintiff's appeal and advised Plaintiff that his appeal was docketed as

FOIA appeal no. 820-2015-359563. (*Id.* ¶ 5.) Upon receipt of the summons and complaint in the instant lawsuit on December 7, 2015, the Assistant Legal Counsel FOIA programs realized that Plaintiff's FOIA appeal had been inadvertently closed without the issuance of a determination. (*Id.* ¶¶ 6, 7.) Plaintiff's FOIA appeal no. 820-2015-359563 was immediately reopened. (*Id.*) On December 10, 2015, EEOC issued its determination on FOIA appeal no. 820-2015-359563, affirming in part and denying in part Plaintiff's FOIA appeal. (*Id*. ¶ 8).

EEOC redacted from the priority charge handling processing ("PCHP") assessment form the charge processing category and the specific assignment factors justifying the investigator's recommended category based on the investigator's initial review and evaluation of the charge and intake information. (*Id.* ¶ 9) The PCHP form indicates that the investigator's recommendation and the basis for the recommendation were subject to the review of the investigator's supervisor and the Legal Unit. (*Id*.) EEOC redacted from the recommendation for closure memorandum the basis for the investigator's recommended dismissal/closure and the investigator's analysis of the evidence in support of that recommendation. (*Id.* ¶ 10.) The recommendation for closure memorandum indicates that the memorandum was addressed to the District Director and was to be reviewed by an intermediate supervisor. (*Id.*)

Based on the Court's de novo review of Plaintiff's objections to the report and recommendation, Plaintiff's summary judgment brief, and the entire record of the case, the Court finds no error in the Magistrate Judge's assessment of the evidence. Therefore, the Court **ADOPTS** the Magistrate Judge's proposed findings of fact as the findings of the Court.

## II. Plaintiff's Objections to the Proposed Findings of Fact

Plaintiff has raised a number of conclusory objections to the Magistrate Judge's treatment of his summary judgment brief: (1) the Magistrate Judge failed to cite any case law or

3

Congressional records to support her view of Rule 56; (2) Plaintiff did, in fact, show that material facts remain in dispute with specific citations to the record; (3) the Magistrate Judge did not consider Plaintiff's declaration submitted as part of his response to the Motion for Summary Judgment; (4) Plaintiff's failure to respond by reproducing Defendant's numbered paragraphs does not warrant deeming Defendant's statement of facts to be undisputed; and (5) the Court should have warned Plaintiff, as a *pro se* litigant, about the consequences of his failure to respond properly to Defendant's statement of facts.

Plaintiff mainly challenges the Magistrate Judge's conclusion that Plaintiff failed to comply with Federal Rule of Civil Procedure 56(c) and Local Rule of Court 56.1(b). The Magistrate Judge noted in her report that Plaintiff failed to comply with these rules by not responding to Defendant's statement of undisputed facts. As the non-moving party, Plaintiff was required to respond to each of Defendant's statement of undisputed facts "by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed."[1] Additionally, a non-moving party may "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[2] Where a non-moving party asserts that a genuine dispute of material fact exists, the party must support his contention with a "specific citation to the record."[3] If the party fails to demonstrate that a fact is disputed or simply fails to address the moving party's statement of fact properly, the Court will "consider the

---

[1] Local R. 56.1(b).

[2] Fed. R. Civ. P. 56(c)(2).

[3] Local R. 56.1(b).

fact undisputed for purposes" of ruling on the Motions.[4]

The Court finds no error in the Magistrate Judge's treatment of Plaintiff's failure to respond properly to Defendant's statement of undisputed facts. Plaintiff clearly failed to comply with Federal Rule of Civil Procedure 56(c) or Local Rule 56.1(b). Although Plaintiff is acting *pro se* in this matter, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.[5] As the Supreme Court has noted, "strict adherence to the procedural requirements . . . is the best guarantee of evenhanded administration of the law."[6] However, it is true that "[m]any courts take extra care with pro se litigants, advising them of the need to respond and the risk of losing by summary judgment if an adequate response is not filed."[7] In fact, "[t]he majority of circuits have held that a *pro se* litigant is entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule."[8] But in this case, the Court is satisfied that Plaintiff had notice of the requirements of Federal Rule of Civil Procedure 56(c) and Local Rule 56.1(b) and his obligation to come forward with evidence to contest Defendant's Motion for Summary Judgment.

The record of the case shows that Plaintiff was very familiar with the Federal Rules of

---

[4] Fed. R. Civ. P. 56(e)(2); *see also* Local R. 56.1(d) ("Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment.").

[5] *McNeil v. United States,* 508 U.S. 106, 133 (1980).

[6] *Id.* (citing *Mohasco Corp. v. Silver,* 447 U.S. 807 (1980)).

[7] Fed. R. Civ. P. 56(e)(4), Advisory Committee Notes, 2010 amendments.

[8] *United States v. Ninety Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003) (collecting cases).

Civil Procedure and the Local Rules of Court.[9] On February 16, 2016, Plaintiff filed a motion for an extension of time to respond (ECF No. 28) to Defendant's Rule 56 Motion, in which Plaintiff cited Local Rule 56.1 and its time limit for responses to motions for summary judgment. Plaintiff's motion shows that Plaintiff was aware of the correct rule of local practice and his duty to respond within the time set under the Local Rule. When he actually filed his response, Plaintiff's brief cited exhaustively to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56.1, and the case law applying the summary judgment standard. For instance, Plaintiff himself cited Federal Rule of Civil Procedure 56(c)(4), which governs affidavits at summary judgment. Plaintiff's objections to the Magistrate Judge's report contained as many if not more citations to the summary judgment standard. The Court highlights for the record that Plaintiff's twenty-four page opposition to the Motion for Summary Judgment and his 37-pages of objections to the Magistrate Judge's report and recommendation are comprised almost completely of citations to the Federal Rules of Civil Procedure, case citations, and extended quotations from cases discussing summary judgment. Plaintiff's filings belie any claim that Plaintiff was not familiar with the relevant standard for summary judgment or the proper means of responding to a Rule 56 motion. The Court cannot say then that the Magistrate Judge erred by not warning Plaintiff about the seriousness of Defendant's Motion for Summary Judgment.

What is more, Plaintiff has cited little or no evidence to show that a genuine dispute exists on any material fact, Plaintiff's claims to the contrary notwithstanding. Where Plaintiff

---

[9] The Court also notes that Plaintiff has acted *pro se* in a number of civil suits in this District, most recently but not limited to *Harper v. Holder*, no. 2:14-cv-02887-JTF-cgc; *Harper v. Shelby County Gov't*, no. 2:15-cv-02502-STA-cgc; *Harper v. Shelby County Gov't*, no. 2:16-cv-02151-JDT-cgc.

contests the Motion for Summary Judgment by actually addressing the facts of the case, Plaintiff does so without citing evidence or even stating the particulars of the factual dispute. For example, Plaintiff's response in opposition to the Motion for Summary Judgment states without elaboration that the declaration of Stephanie D. Garner omits "essential chronological events."[10] Plaintiff never identifies what "essential" events were omitted, much less cites admissible evidence to support his claim. Elsewhere in his opposition, Plaintiff asserts that Garner lacks personal knowledge of certain facts but again without citing any evidence to support his claim or challenge Garner's sworn statement that the facts in her declaration were "based upon my personal knowledge or upon documents made available to me in my official capacity and are true and correct to the best of my knowledge."[11] The Court concludes that the Magistrate Judge's assessment of Plaintiff's briefing of the facts at summary judgment was not erroneous.

Plaintiff next complains that the Magistrate Judge failed to consider his summary judgment affidavit in her analysis of the facts. Plaintiff filed a short affidavit with his response in opposition to the Motion for Summary Judgment. The affidavit consists of six separately-numbered sentences and is scarcely a page in length. Plaintiff's affidavit began by stating that he needed discovery to respond to the Motion for Summary Judgment. Under Federal Rule of Civil Procedure 56, a non-moving party must receive "a full opportunity to conduct discovery" in order to respond to a motion for summary judgment.[12] To that end Rule 56(d) provides that the

---

[10] Pl.'s Resp. in Opp'n 6 (ECF No. 31).

[11] Garner Decl. ¶ 2 (ECF No. 23-2).

[12] *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

court may "allow time to obtain affidavits or declarations or to take discovery."[13] In order to invoke Rule 56(d), the party opposing the motion for summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[14] Rule 56 also requires that "a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."[15] The Sixth Circuit has held that it is not an abuse of discretion for the district court to deny the Rule 56 request for discovery when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered."[16]

The Court holds that Plaintiff's blanket plea for discovery in his affidavit fails to meet this standard. Plaintiff did not show what material facts he hoped to uncover or why the facts would establish a genuine dispute for trial. Indeed, the Magistrate Judge recognized that "district

---

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir.1994) ("[in light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

[13] Fed. R. Civ. P. 56(d)(2).

[14] Fed. R. Civ. P. 56(d).

[15] *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000). *See also CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

[16] *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir.1999). *See also Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989) (not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity").

courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery" and framed the threshold issue presented in FOIA cases at summary judgment: "[i]f the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure [by affidavit], and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position."[17] "Unless evidence contradicts the government's affidavits or establishes bad faith, the [district] court's primary role is to review the adequacy of the affidavits and other evidence."[18] Plaintiff did not show in his summary judgment affidavit, in his response in opposition to the Motion for Summary Judgment, or in his objections to the report and recommendation why deciding this case on the affidavits and in accordance with the procedure recognized by the Sixth Circuit was inappropriate in this case. The Magistrate Judge did not err in failing to grant Plaintiff an opportunity for discovery.

Plaintiff's affidavit raised several other factual claims about his FOIA request, though none of the facts were material to the issues presented in Defendant's Motion for Summary Judgment. Plaintiff states that as of the date of his affidavit he had not received a response from Defendant about his request to waive the fees, that Defendant had not released unspecified documents to him, and that EEOC's own Vaughn Index of documents shows that Plaintiff's EEOC charges were labeled exempt under FOIA exemption 5. Accepting these statements as true, Plaintiff has failed to show how these facts are material to his case or create a genuine dispute about the facts set out in Garner's declaration. A fact is material if the fact "might affect

---

[17] Mag. J.'s Rep. & Recommendation 6 (ECF No. 37) (quoting *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 543, 544 (6th Cir. 2001)).

[18] *Id.* (citing *Rugiero*, 257 F.3d at 544).

the outcome of the lawsuit under the governing substantive law."[19] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[20] None of the facts asserted in Plaintiff's summary judgment affidavit would affect the outcome of the Motion for Summary Judgment or alter the result proposed by the Magistrate Judge. Therefore, Plaintiff's objections to the Magistrate Judge's proposed findings of fact are overruled.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation on any dispositive motion.[21] The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[22] After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[23] The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made.[24] Rather the Court may adopt any findings and rulings of the

---

[19] *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir. 1994) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986)).

[20] *Anderson,* 477 U.S. at 248.

[21] 28 U.S.C. § 636(b)(1)(B).

[22] § 636(b)(1)(C).

[23] *Id.*

[24] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).
10

magistrate judge to which no specific objection is filed.[25]

## ANALYSIS

The Magistrate Judge has recommended that the Court grant Defendant's Motion for Summary Judgment. The Magistrate Judge's recommendation rests on two proposed conclusions: (1) that Plaintiff's FOIA claim is now moot, and relatedly (2) that Defendant has complied with its duties under FOIA. As the Court has already noted, Plaintiff has filed timely objections but objections largely addressed to the Magistrate Judge's assessment of the evidence at summary judgment. Plaintiff's objections include relatively few contentions addressed to the questions of law presented in the Motion for Summary Judgment. Viewing Plaintiff's brief in a light most favorable to him, almost none of these statements constitute clear and specific legal objections to the Magistrate Judge's proposed conclusions of law. For example, Plaintiff states that "there are still elements of issues in dispute concerning material facts"[26] and that "there is evidence that a jury could reasonably find [sic] the Plaintiff."[27] But Plaintiff never states what this proof is. The Court is left to speculate then about the meaning of the statements and how they challenge the Magistrate Judge's report and recommendation.

The Court finds that taken as a whole, Plaintiff's brief amounts to a general objection to the Magistrate Judge's recommended disposition. The Sixth Circuit has opined that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby

---

[25] *Id.* at 151.

[26] Pl.'s Objs. to the Rep. & Recommendation 32 (ECF No. 39).

[27] *Id.* at 34.

to serve judicial efficiency.[28]

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.[29]

The Court holds that Plaintiff has largely failed to present specific objections to the Magistrate Judge's legal conclusions that Plaintiff's claim is moot and that Defendant has complied with FOIA.

The only particularized objections the Court can glean from Plaintiff's brief fail to show why the Court should reject the Magistrate Judge's recommendations. Plaintiff states that "he has not received the [] opposition statement from the EEOC as required by law."[30] Plaintiff does not give any more specifics to put flesh on the bones of this bare statement or explain why his claim should preclude summary judgment. Plaintiff's only objection addressed to Garner's summary judgment declaration is that the declaration "does not state a reason why the agency did not answer Plaintiff's FOIA request within the 20 days' time period as required by law."[31] But even this claim misstates the evidence.

---

[28] *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

[29] *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985)).

[30] *Id.* at 32.

[31] Pl.'s Objs. to the Rep. & Recommendation 34.

Defendant submitted in support of its Motion for Summary Judgment the affidavit of Stephanie D. Garner, assistant legal counsel FOIA programs in the EEOC's Office of Legal Counsel (ECF No. 23-2). As noted in the Court's findings of fact, Plaintiff filed a FOIA request on May 4, 2015, and appealed the EEOC's determination that Plaintiff was entitled to the first 100 pages of his administrative charge but had to pay $38.70 to have the remaining 254 pages of the charge copied. Plaintiff appealed that determination on June 24, 2015, and filed suit on September 23, 2015, when the EEOC did not render its decision. According to the Garner declaration, the Office of Legal Counsel FOIA Programs received the summons in December 2015 and realized "it had inadvertently closed Plaintiff's appeal without issuing a determination and immediately reopened and processed Plaintiff's FOIA appeal."[32] The Magistrate Judge concluded that there was no further relief for the Court to grant Plaintiff. Nothing in Plaintiff's objections has shown why the Court should reject this conclusion.

Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, Plaintiff's timely objections, and the entire record of the case, the Court hereby **ADOPTS** the Report and Recommendation. Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 30, 2016.

---

[32] Garner Decl. ¶ 12 (ECF No. 23-2).